IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ANNA MILLER and SAMANTHA PHILLIPS, individually and on behalf of a class of similarly situated persons, | CIVIL ACTION NO.: 1:16-cv-21145-JAL |
| Plaintiffs, | CLASS ACTION |
| vs. | JURY TRIAL DEMANDED |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**JOINT PROPOSED SCHEDULING REPORT AND DISCOVERY PLAN**

NOW COME Plaintiffs Anna Miller and Samantha Phillips ("Plaintiffs") and Defendant Wells Fargo Bank, N.A., ("Wells Fargo") (together, Plaintiffs and Wells Fargo are the "Parties") who respectfully submit this Joint Proposed Scheduling Report and Discovery Plan pursuant to Federal Rules of Civil Procedure 26(f) and 16(b) and S.D. Fla. Local Rule 16.1(b)(2).

**I. REPORT OF THE PARTIES' FED. R. CIV. P. 26(f) CONFERENCE**

**A. Possibility Of A Prompt Settlement Or Resolution Of The Case.**

Wells Fargo is amenable to the discussion of individual settlements for Plaintiffs. The Plaintiffs, however, are not interested in individual settlements, but rather are interesting in obtaining recovery and declaratory and injunctive relief for the putative class. The Parties believe that a class settlement is unlikely at this time.

**B. Likelihood Of Appearance In The Action Of Additional Parties.**

While Plaintiffs currently do not anticipate adding additional parties, they reserve the right to do so. Wells Fargo does not currently anticipate adding additional parties but reserves the right to do so.

**C. Proposed Deadlines To Join Parties, File Motions, And Complete Discovery.**

The Parties disagree on a proposed schedule for this case. Plaintiffs propose that the Court enter the Scheduling Order attached hereto as Exhibit A, while Wells Fargo proposed that the Court enter the Scheduling Order attached hereto as Exhibit B. Plaintiffs have informed

Wells Fargo, several times, that they are <u>not</u> seeking to represent a class for the 30-year period from August 2, 1985 through January 20, 2015. Yet, Wells Fargo reiterates its claim that Plaintiffs are seeking such a class below. Plaintiffs are only seeking to represent a class of those persons who have timely claims under the relevant statute of limitations, which generally varies from 3 to 10 years depending on the state. Further, contrary to Wells Fargo's claim below, Plaintiffs are not seeking discovery for a 30-year period.

Wells Fargo's position is that Plaintiff's proposed schedule—which gives the parties less than four months for fact discovery (May 23, 2016 to September 9, 2016)—is insufficient and inappropriate where Plaintiffs alleged in their Complaint that they seek to certify <u>two</u> separate classes with date ranges of August 2, 1985 through January 20, 2015. Compl. at ¶73. Plaintiffs themselves allege "that the class consists of tens of thousands of persons." *Id.* at ¶ 77(a). While Wells Fargo is not in a position yet to address the accuracy of that allegation, clearly fact discovery cannot be completed in less than three months based on such class definitions. Plaintiffs contend that they do not seek to represent the <u>two</u> 30-year class periods alleged in paragraph 73 of their Complaint. However, Plaintiffs have not amended the Complaint to change their class definitions nor did they state that they intend to do so during the parties' meet and confer or in this Scheduling Report. More importantly, Plaintiffs are pursing discovery through their written discovery requests concerning the two 30-year class periods periods alleged in their Complaint.

### D.  **Proposals For The Formulation And Simplification Of Issues**.

Plaintiffs believe that this case stands or falls on the question of whether, in connection with collecting post-payment interest, the uniform document(s) that Wells Fargo provided to Plaintiffs and the putative class is a form "approved by the Commissioner" and thus complies with the Parties' contract and 24 C.F.R. § 203.558; *i.e.*, if the uniform document(s) does not comply with the Parties' contract and 24 C.F.R. § 203.558, then Wells Fargo is liable to Plaintiffs and the putative class for any post-payment interest it collected.

With respect to Wells Fargo's discussion below regarding staying discovery, Plaintiffs refer this Court to its opposition to Wells Fargo's motion to stay discovery, which sets forth the numerous reasons a stay of discovery is inappropriate in this case. Further, on the same day that Plaintiffs filed the instant putative class action, a putative class action was also filed against Bank of America, N.A. ("BANA") alleging that BANA breached a uniform contract between it and the

putative class by charging post-payment interest; *i.e.*, the same claim Plaintiffs assert here. *See Dorado, et al v. Bank of America, N.A.*, Case No. 1:16-cv-21147-RNS, pending in the United States District Court for the Southern District of Florida, Miami Division (the "BANA Action").

In the BANA Action, BANA, like Wells Fargo, moved to stay discovery pending a resolution of its motion to dismiss. The Court in the BANA Action denied that motion. In denying the motion, the Court held that it "does not agree that the outcome of Bank of America's motion to dismiss is as clear as the Bank would like the Court to believe." The Court further noted that it is "influenced by [Plaintiff's] argument that some of the discovery she intends to undertake may be relevant to the motion to stay itself, and would be prejudicial to [Plaintiff's] ability to defend against the instant motion." Finally, the Court held that it "balanced the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery, and concludes that the balance tips in favor of permitting discovery to go forward."

Wells Fargo, however, does not believe that Plaintiffs can state any causes of action, because (as explained Wells Fargo's motion to dismiss) this case is ultimately an attempt to bring claims for violation of FHA guidelines, which is not permitted under the law except under specific circumstances that do not exist here. As a result, Wells Fargo has sought to stay discovery pending a ruling on its case dispositive motion to dismiss. Plaintiffs' counsel have filed virtually identical actions against other banks in this Court. Given Plaintiff's counsel's overly aggressive discovery positions, including demanding multiple depositions in the first few weeks of discovery and before documents have been produced, the Court in one of those cases has already provisionally stayed discovery and ordered that "Plaintiff's response should address in part whether a stay is not appropriate with respect to classwide discovery pending a ruling on the motion to dismiss (which would allow for only party discovery in the interim period)." *Smith v. U.S. Bank, N.A.*, S.D. Fl., Case No. 1:16-cv-21146-MGC, Dkt. 42 (Torres, M.J.).

Nonetheless, if the case progresses, the Parties will, if appropriate, confer to discuss proposals for the formulation and simplification of issues.

E.   **Necessity Or Desirability Of Amendments to Pleadings.**

While Plaintiffs do not currently anticipate amending the Complaint to add additional parties, they reserve the right to do so. Wells does not currently anticipate the need to amend any pleadings but reserves the right to do so.

**F.     Possibility Of Obtaining Admissions Of Fact And Of Documents, Electronically Stored Information Or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity Of Documents, Electronically Stored Information Or Things, And The Need For Advance Rulings From The Court On Admissibility Of Evidence.**

The Parties will work together in good faith to obtain admissions and stipulations that will avoid unnecessary proof at trial.

The Parties are currently conferring on the scope and availability of electronically-stored evidence, including emails and electronically-stored data. Plaintiffs believe that the parties should complete their ESI conferrals within twenty (20) days, and, if good faith progress is not being made at that time, will seek Court intervention. Plaintiffs, again, disagree with Wells Fargo's mischaracterization below of the class Plaintiffs seek to represent; *i.e.*, Plaintiffs are not seeking to represent a class from August 2, 1985 through January 20, 2015.

Given what Wells Fargo's believes to be the excessive and improper date range of Plaintiffs' proposed class—August 2, 1985 through January 20, 2015—Wells Fargo has asked Plaintiffs to agree to some cost sharing on document preservation. Plaintiffs have declined.

Wells Fargo has raised a concern that it may not be able to produce some documents absent a Court order under certain state and federal statutes concerning the personal and confidential information of borrowers, such as Fla. Stat. § 655.059. Without agreeing with Wells Fargo's position, Plaintiffs have consented to the entry of an Order requiring the production of any records covered by the state or federal statutes. The Parties are continuing to meet and confer on this issue.

**G.     Suggestions For Avoidance Of Unnecessary Proof And   Cumulative Evidence.**

The Parties will work together in good faith to obtain admissions and stipulations that will avoid unnecessary proof and presentation of cumulative evidence at trial.

Further, Plaintiffs have proposed, where appropriate, the use of exemplar form documents as opposed to requiring Wells Fargo to produce and introduce into evidence uniform document(s) that do not vary from putative class member to putative class member other than with respect to borrower-specific information. For example, if Wells Fargo provided the same form payoff statement to all putative class members, with the only difference between the statements the specific principal and interest amounts listed therein, Plaintiffs are open to

discussing producing exemplars of that document rather than each and every payoff statement. Wells Fargo has not agreed to this approach, as it is still very early in the case and Wells Fargo is working to assess the relevant document issues.

Plaintiffs have also indicated that they are open considering Wells Fargo producing mortgagee date for a subset of the entire class period (*e.g.* three or four years) if Wells Fargo stipulates that it has data for the remaining years in the same form and format, and will produce that data if and when a class is certified. Again, Wells Fargo has not agreed to this approach, as it is still very early in the case and Wells Fargo is working to assess the relevant document issues.

### H. Referral Of Matters To Magistrate Judge.

The Parties do not consent to trial before a Magistrate Judge, but do consent to the disposition of non-dispositive pre-trial motions by a Magistrate Judge.

### I. Preliminary Estimate Of Time Required For Trial.

Depending upon the rulings of the Court on the motion for class certification, the length of trial could vary. If a class is certified, the Parties currently estimate that the trial will be between 6 and 10 days.

### J. Requested Dates For Conferences Before Trial, Pretrial Conference, And Trial.

Wells Fargo requests a conference on its Motion to Stay Discovery pending a decision on its case dispositive motion to dismiss, as Plaintiffs are immediately pursuing burdensome discovery and have noticed a deposition prior to there being any indication that Plaintiffs can even state a claim or before Wells Fargo has even produced any documents. Indeed, Plaintiffs have insisted on scheduling Wells Fargo for a Rule 30(b)(6) deposition on multiple topics on June 21, 2016, less than a month after discovery commenced. Wells Fargo anticipates that it may also need to file a motion for protective order relating to the deposition, and it will need to address the applicability of Fl. Stat. § 655.059 to any request for documents.

Plaintiffs disagree with Wells Fargo's characterization or that any stay of discovery is appropriate, as set forth in Plaintiffs' opposition to Wells Fargo's motion to stay this case.

### K. Other Information Helpful to The Court In Setting The Case For Status Or Pretrial Conference.

Plaintiffs bring this class action on behalf of themselves and a class of consumers injured

by Wells Fargo's uniform practice of unlawfully charging and collecting "post-payment interest."

Borrowers, like Plaintiffs, are permitted to pre-pay FHA-insured loans that originated between August 2, 1985 and January 20, 2015 (hereafter, "FHA-Insured Loans").  If a borrower pre-pays an FHA-Insured Loan, banks, like Wells, are permitted to charge interest from the date the loan is paid off until the end of that same month; *e.g.,* if a borrower paid off an FHA-Insured Loan on September 10, 2014, Wells could charge the borrower interest from September 10, 2014 until September 30, 2014. The interest collected after the loan has been paid is typically referred to as "post-payment interest."

Significantly, there are certain requirements that must be met before a bank can collect post-payment interest.  First, post-payment interest can only be collected if an FHA-Insured Loan is paid off on a date <u>other than</u> the first of the month.  *See* 24 C.F.R. § 203.558 (2014). Second, even if a borrower pays off an FHA-Insured Loan on a date other than the first day of the month, banks cannot collect post-payment interest unless they first provide borrowers with "a form **approved by the Commissioner**" that fully discloses, *inter alia*, that the bank can charge post-payment interest and how such interest can be avoided.  *Id.*

In this case, Plaintiffs contend that Wells Fargo collected, or threatened to collect, post-payment interest from them and the putative class without complying with federal regulations. Specifically, Plaintiffs contend that Wells Fargo did not provide them or the putative class with notice of post-payment interest in a "form approved by the Commissioner."  Further, the unapproved form that Wells Fargo provided was, at best, confusing regarding when and how much post-payment interest would be charged and how it can be avoided.

Wells Fargo's collection, or threatened collection, of post-payment interest constitutes a breach of its uniform contract with Plaintiffs and the putative class.  Specifically, under section 2 of the note underlying all FHA-Insured Loans, Wells is not permitted to collect post-payment interest.  There is an exception to this rule, found in section 5 of the uniform note, which provides that Wells Fargo can collect post-payment interest only "to the extent . . . permitted by regulations of the Secretary."  Multistate – FHA Fixed Rate Note, USFHA.NTE, at 2.  Because Wells Fargo violated the Secretary's regulations when collecting post-payment interest, it cannot rely on that exception and thus breached its uniform contract with Plaintiffs and the putative class.

Through this action, Plaintiffs seeks to recover the post-payment interest that Wells Fargo collected in breach of its uniform contract with Plaintiffs and the putative class. Plaintiffs also seek an injunction preventing Wells from charging and collecting post-payment interest in breach of the note in the future.

Wells Fargo sets forth that this type of argument from Plaintiffs is not necessary or appropriate here, as Plaintiffs are attempting to argue their case in the parties' Joint Proposed Scheduling Report and Discovery Plan. Given that Plaintiffs' have raised these arguments, as noted in Wells Fargo's motion to dismiss, Wells Fargo disputes whether Plaintiffs can state claim at all, as they are really seeking to bring a claim for an alleged violation of the FHA guidelines, and case law is clear that there is not private right of action except in limited circumstances not present here. Further, one of the Plaintiffs is seeking to represent a class of borrowers who might pay post-payment interest in the future. As explained in Wells Fargo's motion to dismiss, this class has no standing and should be dismissed. Due to the weakness of Plaintiff's claims, coupled with the fact that Plaintiffs seek to represent nationwide classes over a period of over thirty years and outside any conceivable statute of limitations, this case should not move forward in discovery until it is determined that Plaintiffs can even state a claim. Then, if necessary, any discovery schedule should proceed on a complex track due the complex and burdensome document issues that Wells Fargo will ultimately face in discovery.

**L.      Scope Of Anticipated Discovery And Conduct Of Discovery.**

Plaintiffs anticipate that discovery will focus on a limited number of topics:

(1) Evidence showing that the notes underlying FHA-Insured Loans held by Wells Fargo contain uniform provisions, including provisions providing that Wells Fargo can collect post-payment interest only "to the extent . . . permitted by regulations of the Secretary."

(2) Evidence that the uniform document(s) relating to post-payment interest that Wells Fargo provided to Plaintiffs and the putative class was not approved by the Commissioner.

(3) Data relating to Plaintiffs' and the putative class's FHA-Insured Loans, including, but not limited to, data regarding the maturity date of Plaintiffs' and each class member's loan, the date the loan was paid off and the amount of interest the bank collected after the loan was paid in full.

  (4)  Documents discussing or relating to Wells Fargo's compliance or lack of compliance with 24 C.F.R. § 203.558 (2014), including, but not limited to, internal communications and communications with HUD and the FHA.

 Because this discovery is relevant to both class certification and the merits, the Plaintiffs do not believe that discovery should be bifurcated in this matter.

 Wells Fargo's position is that discovery should commenced, first, as to whether Plaintiffs have viable claim. As noted, Plaintiffs have already attempted to move forward with burdensome discovery, including seeking thirty years of loan files and data from Wells Fargo. Wells Fargo believes that discovery should be bifurcated to focus on issues relating to the named Plaintiffs before being subjected to burdensome class discovery of an alleged class spanning all FHA loans over more than thirty years.

 Discovery requests and responses shall be served by email, and the parties agree that service of a complete copy of these documents via email is complete upon transmission, with any response period calculated in accordance with by Fed. R. Civ. P. 6(d).

## II. PROPOSED PRETRIAL SCHEDULE

 The Parties disagree on a proposed schedule for this case. Plaintiffs propose that the Court enter the Scheduling Order attached hereto as Exhibit A, while Wells Fargo proposed that the Court enter the Scheduling Order attached hereto as Exhibit B

 Dated: June 6, 2016

                 Respectfully submitted,

                 ATTORNEYS FOR PLAINTIFFS:

                   By: */s/ Brett Amron*
                   Brett M. Amron
                   bamron@bastamron.com
                   BAST AMRON, LLP
                   One Southeast Third Ave Ste 1400
                   Miami, FL 33131
                   Phone: (305) 379-7904

Steven Rosenwasser
Rosenwasser@bmelaw.com
Naveen Ramachandrappa
Ramachandrappa@bmelaw.com
BONDURANT, MIXSON &
ELMORE
1201 W Peachtree St NW Ste 3900
Atlanta, GA 30309
Phone: (404) 881-4100
Fax: (404) 881-4111
*Admitted Pro Hac*

Adam Hoipkemier
adam@wernerlaw.com
Matthew Wetherington
matt@wernerlaw.com
THE WERNER LAW FIRM
2860 Piedmont Rd NE
Atlanta, GA 30305
Phone:  (404) 793-1694
Fax: (855) 873-2090
*Admitted Pro Hac*

Jeffrey W. DeLoach
Kevin E. Epps
FORTSON, BENTLEY AND
GRIFFIN, P.A.
2500 Daniell's Bridge Rd Bldg 200,Ste 3A
Athens, GA 30606
*Admitted Pro Hac*

ATTORNEYS FOR DEFENDANT:

By: /s/*K. Issac deVyver*
**MCGUIREWOODS LLP**
K. Issac deVyver (admitted *pro hac vice*)
kdevyver@mcguirewoods.com
Karla L. Johnson (admitted pro hac vice)
kjohnson@mcguirewoods.com
EQT Plaza
625 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050
R. Eric Bilik (Fla. Bar No. 987840)
ebilik@mcguirewoods.com
Emily Y. Rottmann (Fla. Bar No. 93154)
erottmann@mcguirewoods.com
Daniel M. Mahfood (Fla. Bar No. 94879)
dmahfood@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida  32202
Telephone: (904) 798-3200
Facsimile:  (904) 798-3207

*Attorneys for Defendant Wells Fargo Bank N.A.*